**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4975

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY T. HOFFMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:09-cr-00216-1)

Submitted: February 10, 2011          Decided: March 18, 2011

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Perry D. McDaniel, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney T. Hoffman pled guilty pursuant to a plea agreement to one count of storage of hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A) (2006). On appeal, he challenges the district court's denial of his request for a downward departure under Application Notes 7 and 8 to the Commentary for U.S. Sentencing Guidelines Manual § 2Q1.2 (2009). We dismiss the appeal.

This court does not have jurisdiction to review the denial of a downward departure so long as the district court recognized the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). "Because the district court's refusal to depart downward followed its conclusion that the evidence did not support a departure, its ruling on this issue is not reviewable on appeal." United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004).

Because we conclude that the district court recognized the authority to depart and found that the evidence did not support a departure, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2